UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
CHARLENE SHELTON, on her own behalf
and on behalf of all others similarly situated,



Plaintiff,

-against-

MCKENNA, DUPONT, HIGGINS & STONE, P.C.

Defendant.
-----------------------------------------------------------------X

**CLASS ACTION COMPLAINT**

JURY TRIAL DEMANDED

**07 CIV. 7970**

**Judge Berman**

Plaintiff, by and through her undersigned attorneys, alleges upon knowledge as to herself and her own acts, and as to all other matters upon information and belief, brings this complaint against the above-named defendant and in support thereof alleges the following:

PRELIMINARY STATEMENT

1. Plaintiff brings this action on her own behalf and on behalf of all others similarly situated for damages and declaratory and injunctive relief arising from the defendant's violation of §1692 *et. seq.* of Title 15 of the United States Code, the Fair Debt Collections Practices Act (hereinafter "FDCPA"), which prohibits debt collectors within the meaning of 15 U.S.C. § 1692a(6) from engaging in abusive, deceptive and unfair practices.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. This is an action for violation of 15 U.S.C. § 1692.

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. Plaintiff Charmine Shelton (hereinafter "Shelton") is a resident of the State of New York, New York County. On or about September 12, 2006, defendant mailed to plaintiff a form debt collection notice from defendant at plaintiff's home address. **Exhibit A**.

5. Defendant McKenna, Dupont, Higgins & Stone, P.C. (hereinafter "MDHS") is a New Jersey Professional Corporation. Its principal executive office is located at 229 Broad Street, Red Bank, New Jersey 07653. Defendant attempts to collect debts alleged to be due another.

## CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a nationwide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of herself and all consumers who have received debt collection notices and/or letters from the defendant which violate the FDCPA, as described in paragraphs 16-18 and their successors in interest (the "Class"). Excluded from the Class is the defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of MDHS.

7. This action is properly maintained as a class action. This Class satisfies all the requirements of Rule 23 for maintaining a class action.

8.  The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received debt collection notices from the defendant which violate various provisions of the FDCPA.

9.  There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

   a.  Whether the defendant violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g(a)(4).

   b.  Whether plaintiff and the Class have been injured by the defendant's conduct;

   c.  Whether plaintiff and the Class have sustained damages and are entitled to restitution as a result of defendant's wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

10. Plaintiff's claims are typical of the claims of the Class, and plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

11. Plaintiff will fairly and adequately protect the interests of the Class and has retained experienced counsel, competent in the prosecution of class action litigation.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

13. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the

duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a class action the Class members will continue to suffer losses of statutorily protected rights as well as monetary damages and if defendant's conduct will proceed without remedy it will continue to reap and retain the proceeds of its ill-gotten gains.

14. Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## STATEMENT OF FACTS

15. Starting on or about September 12, 2006, defendant mailed a collection letter to plaintiff. Upon receipt of defendant's letter, plaintiff opened and read it. The letter demanded payment of a debt allegedly owed by plaintiff to McGraw Hill Employees Federal Credit Union. A copy of said letter is annexed hereto as **Exhibit A**.

## FIRST CAUSE OF ACTION

16. Each of the above allegations is incorporated herein.

17. The letter violated numerous provisions of the FDCPA by the debt collector failing to notify the consumer that the debt collector will obtain verification of a disputed debt and mail a copy of such verification to the consumer as mandated by 15 U.S.C.§ 1692g(a)(4).

18. As a result of defendant's abusive, deceptive and unfair debt collection practices, plaintiff has been damaged.

WHEREFORE, plaintiff respectfully requests that the Court enter judgment as follows:

a) Declaring that this action is properly maintainable as a class action and certifying plaintiff as Class representative;

b) Issue a declaratory Order requiring defendant to make corrective disclosures;

c) Awarding plaintiff and the class statutory damages;

d) Awarding plaintiff and the class members the maximum statutory damages.

e) Awarding plaintiff and the class costs of this action, including reasonable attorneys' fees and expenses; and

f) Awarding plaintiff and the class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the FRCP, plaintiff hereby demands a trial by jury.

Dated: September 10, 2007
Uniondale, New York

Abraham Kleinman (AK-6300)
KLEINMAN LLC
626 RexCorp Plaza
Uniondale, New York 11556-0626
Telephone (516) 522-2621
Facsimile  (888) 522-1692

**Exhibit A**

# McKENNA, Du PONT, HIGGINS & STONE

A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW

EDWARD J. McKENNA, JR.*
MICHAEL R. Du PONT*
KERRY E. HIGGINS
JENNIFER STONE HALL*
HEATHER K. MARTIN
* Member of N.J., N.Y. & WASH D.C. Bar
* Member of N.J. & N.Y. Bar

229 BROAD STREET
P.O. BOX 610
RED BANK, NEW JERSEY 07701
TELEPHONE (732) 741-6681
TELEFAX (732) 576-1787
mdhs@redbanklaw.com
http:\\www.redbanklaw.com

BENEDICT R. NICOSIA
Of Counsel

September 12, 2006

Charmine Shelton
470 Malcolm X Blvd., Apt. 16F
New York, NY 10037-3037

Re: Our Client: McGraw-Hill Employees Federal Credit Union
Account No. 500100-141, Our File No. 28315-67
**Account Representative: JoAnn at Ext. 33**

Dear Sir/Madam:

Please be advised that we are the attorneys for the above-named client. Your delinquent account has been forwarded to our office for collection. Your account is presently outstanding in the total amount of $19,369.62, including interest and collection costs.

We will assume that this debt is valid unless you dispute the same within thirty (30) days from your receipt of this notice. If, for any reason, you dispute this debt or any portion thereof, you may notify us of same in writing within thirty (30) days from receipt of this notice. We will provide you with the name and address of the original creditor, if different from the current creditor, if you request this information in writing within thirty (30) days of receipt of this letter.

Within thirty (30) days upon receipt of this correspondence, if you do not bring your account current or you do not contact this office to dispute the debt or you do not contact this office or our client to make satisfactory repayment arrangements, we may take all appropriate legal action to collect the balance due together with accruing interest and collection fees. This action may include the filing of a suit against you, obtaining a judgment, garnishing your salary or having the Sheriff levy against your property. You can avoid this by contacting us concerning this matter upon receipt of this letter.

Yours very truly,

MICHAEL R. Du PONT

MRD:dlw
cc: McGraw-Hill Employees Federal Credit Union

WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE